**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORENZO SANTOS-RAMIREZ, AKA Lorenzo Rojaz Santos-Ramirez, <br><br> Petitioner, <br><br> v. <br><br> ROBERT M. WILKINSON, Acting Attorney General, <br><br> Respondent. | No.  16-71059 <br><br> Agency No. A088-659-565 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2021[**]

Before:     FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Lorenzo Santos-Ramirez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).  We deny the petition for review.

In his opening brief, Santos-Ramirez does not challenge the agency's dispositive determination that his asylum application is time-barred.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-1080 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).  Thus, Santos-Ramirez's asylum claim fails.

Santos-Ramirez also does not raise any argument challenging, and therefore waives, the agency's determinations that his proposed social group of returnees with perceived wealth is not cognizable and that his fear of general crime and violence bears no nexus to a protected ground.  *See id*.

Substantial evidence supports the agency's determination that Santos-Ramirez failed to establish he suffered harm that rises to the level of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (past persecution based on harm to others requires showing that the persecution was part of "a pattern of persecution closely tied to" petitioner (citation and internal quotation marks omitted)).  Substantial evidence also supports the agency's determination that Santos-Ramirez did not establish a clear probability of future persecution on account of his family membership.  *See Tamang v. Holder*, 598 F.3d 1083, 1094

16-71059

(9th Cir. 2010) ("[F]ear of future persecution is weakened, even undercut, when similar-situated family members living in the petitioner's home country are *not* harmed." (citation and internal quotation marks omitted)). Thus, Santos-Ramirez's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Santos-Ramirez failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject as unsupported by the record Santos-Ramirez's contentions that the agency violated his right to due process or otherwise erred in its analysis of his claims.

As stated in the court's July 6, 2016 order, the temporary stay of removal remains in place until the issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

16-71059